# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| IN RE TELECTRONICS PACING SYSTEMS, INC. ACCUFIX ATRIAL "J" LEADS PRODUCT LIABILITY LITIGATION | : : : : : | Master Case No. MDL-1057 Judge Timothy S. Black |

## ORDER DENYING APPEAL OF DECISION OF SPECIAL MASTER

Before the Court is a request by AARON LEMMONS to appeal the decision of the Special Master and disposing of his new claim for additional payment from the settlement fund. The Special Master issued a decision regarding Claimant's new claim on August 3, 2020. Claimant appealed the decision via letter to this Court on August 31, 2020. The Special Master responded to Claimant's appeal on September 23, 2020.

1. **Background**

Claimant initially filed a claim under the terms of the Settlement Agreement in 1999. At that time, Claimant was placed in a Category 2b and awarded $11,500.00, and his spouse was awarded $500.00.

According to the Special Master, Claimant contacted her in 2004, seeking to reopen his claim. In 2004, Claimant underwent surgery and was experiencing medical complications. The Special Master indicated that she reopened Claimant's file, and told Claimant that he would need to submit medical records and a notarized letter from his treating physician for reconsideration of his claim. After receiving no supporting documentation, the Special Master closed the file in May 2006. Claimant does not recall the 2004 conversation with the Special Master.

In February 2020, Claimant contacted the Special Master about his 2004 medical complications. The Special Master again advised Claimant he would need to submit appropriate documentation to support a new claim. The Special Master informed Claimant that new claims had to be made within 90-days of the triggering event. The Special Master also advised Claimant that he should provide an explanation if the claim was delayed. The Special Master received a new claim from Claimant in June 2020.

Claimant requested that the Special Master place him in Category 3b and distribute all the remaining settlement funds to him, given the nature of his injuries and his relatively young age (45) compared to other class members. The Special Master denied Claimant's request to be placed in Category 3b and also denied Claimant's request for discretionary distribution of all remaining settlement funds.

Claimant appeals that decision.

**2. Settlement Agreement**

The Settlement Agreement in this litigation approved by the United States District Court sets forth the various categories of claims and what conditions must be established by a claimant in order to qualify for a particular Category. Under the Settlement Agreement, claims can qualify in five (5) categories.

In order to be placed in a Category 3b, a claimant must:

> …File a Proof of Claim with the Master by June 1, 2001, or within ninety (90) days of discharge from the hospital…..that establishes that he/she has undergone an extraction procedure that resulted in either (a) a thoracotomy; (b) cardiac arrest; or satisfies four (4) of sixteen (16) complications listed below. TO BE ENTITLED TO PAYMENT, A CATEGORY 3 QUALIFIED CLASS MEMBER MUST BE ABLE TO

VERIFY THE COMPLICATIONS ARE DIRECTLY RELATED TO THEIR LEAD WITH MEDICAL RECORDS AND A NOTARIZED STATEMENT FROM THE QUALIFIED CLASS MEMBER'S TREATING PHYSICIAN.

### 3. Review of Special Master's Decision and Claimant's Appeal

The Special Master denied Claimant's request to be recategorized from Category 2b to Category 3b. In this case, Claimant supplied the Special Master with an affidavit from his treating physician and medical records. The Special Master referred the matter to Dr. Donald Wayne, the Court-approved consulting medical expert, for review and opinion. Dr. Wayne concluded that Claimant's medical records from his 2004 surgery showed that his medical complications were related to having a pacemaker and unrelated to the Accufix Atrial J Lead.

Based on this medical opinion, the Special Master determined that the medical records did not support Claimant's request to be placed in Category 3b. The Settlement Agreement provides the Special Master with the discretion to determine whether the documentation offered by the claimant is sufficient to establish that the claimant is entitled to be placed in the Category sought. Additionally, the Settlement Agreement does not allow the Special Master to make assumptions not supported by the records submitted. Accordingly, the decision of the Special Master is not unreasonable.

Additionally, the claim is untimely. Claimant admits that 16 years elapsed between his 2004 medical complications and 2020 correspondence with the Special Master. Claimant contends that he tried to contact the Court, the Special Master, and the plaintiffs' attorneys for "several years" before reaching the Special Master in 2020. In

3

support of his delay, Claimant provided the Special Master with a letter dated 2017, addressed "To Whom it May Concern" and detailing his claim. The Special Master determined that, even assuming Claimant tried to start reaching the Special Master in 2017, the claim was still untimely, given Claimant's 13-year delay. This is not an unreasonable determination.

Finally, the Special Master denied Claimant's request for the Special Master to use her discretionary authority to distribute all remaining settlement funds to Claimant. In response to this determination, Claimant asks the Court to review his category placement and distribute "additional funds," not all the funds. First, the Court has already found that the Special Master's decision to not place Claimant in a higher category is not unreasonable. Second, to the extent Claimant still seeks distribution of all remaining funds, the Court agrees with the Special Master that "[i]t would be imprudent and unjust to empty the [settlement] Fund on one individual's behalf." Accordingly, this determination is not unreasonable.[1]

For the foregoing reasons, this final appeal is **DENIED**.

**IT IS SO ORDERED.**

Date: 6/22/2021

Timothy S. Black
United States District Judge

---

[1] The Special Master also denied Claimant's request to speak at the Fairness Hearing related to the settlement and/or his claim that he was not afforded an opportunity to speak at the hearing, determining that the time to pursue such a claim is long past. Claimant agreed with this finding in his appeal.

4